UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
--------------------------------------------------X
Yosheka Jeffries                    Case No. 1:22-cv-01179-VMC-JEM
Plaintiff,

v.

Impact Receivables Management, LLC,
Defendant.
--------------------------------------------------X

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.  **Description of Case:**

    (a)   Describe briefly the nature of this action.

    **Plaintiff brought this action to challenge Defendant's attempts to collect an alleged debt arising from Plaintiff's former tenancy.**

    (b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    **Plaintiff entered a lease. After her lease was terminated by the landlord for reasons other than not paying rent, Defendant attempted to collect $5,885 from Plaintiff by putting the debt on Plaintiff's credit report. After Plaintiff disputed the debt, Defendant verified the debt as correct.**

    (c)   The legal issues to be tried are as follows:

    - **Whether the IRM account is "consumer" in nature;**

- **Whether Plaintiff sufficiently provided notice of her dispute;**

- **Whether Plaintiff's cause of action is time-barred;**

- **Whether IRM undertook an effort to collect the subject-account following the allegations at issue;**

- **Whether the Plaintiff has standing to pursue her claims;**

- **Whether the Plaintiff has suffered any damages – concrete or otherwise – as a result of any action or inaction taken by IRM;**

- **Whether IRM has policies, procedures, or training with respect to maintaining compliance for the FDCPA allegations at issue.**

- **What is the amount of damages that Plaintiff has experienced, if any, from the any of the alleged violative actions by Defendant;**

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:

None currently known.

(2)    Previously Adjudicated Related Cases:

None currently known.

**2.    This case is not complex.**

3.    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

PLAINTIFF: **Shimshon Wexler**

DEFENDANT: **Timothy Bado; Stephen Lozier (*pro hac vice* application forthcoming).**

4.    **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_ Yes         _X_  No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

**None.**

(b)    The following persons are improperly joined as parties:

**None.**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary: n/a.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Not at this time.**

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

- **Amounts owed by Plaintiff in connection with her lease.**

- **Plaintiff's alleged damages and standing.**

- **Plaintiff's communications on the subject account with others, including all communications related to or regarding dispute(s).**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**N/A**

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

At this time, the Parties do not believe that any limitations need to be imposed on discovery.

(b)     Is any party seeking discovery of electronically stored information?

__X_ Yes            _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**This case is likely unsuitable for electronic discovery but, to the extent electronic discovery becomes necessary, any issues concerning ESI will be worked out between the parties.**

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties will use PDF format and either OneDrive, TitanFile Secure File Sharing, paper, or disks for production of electronically stored information.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**<u>Defendant</u>:** Defendant anticipates the need for the entry of a protective order of confidentiality to prevent the dissemination of any confidential and/or proprietary business information produced in discovery.

**13.   Settlement Potential:**

(a)   Lead counsel for Plaintiff and IRM certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 25, 2022, and that they participated in settlement discussions.

For plaintiff: Lead counsel (signature):   */s/ Shimshon Wexler*

Other participants:   _____

For defendant: Lead counsel (signature):   */s/ Timothy Bado*

Other participants:   */s/ Stephen D. Lozier*

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X) A possibility of settlement before discovery
(X) A possibility of settlement after discovery.
(_) A possibility of settlement, but a conference with the judge is needed
(__) No possibility of settlement.

(c)   Counsel (__X__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet determined.

(d)   The following specific problems have created a hindrance to settlement of this case.

Lack of information with respect to amounts owed by Plaintiff and damages incurred by Plaintiff.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day _____, of 20___.

(b)     The parties (<u>X</u>) do not consent to having this case tried before a magistrate judge of this Court.

COUNSEL FOR PLAINTIFF

THE LAW OFFICES OF
SHIMSHON WEXLER, PC.

*s/ Shimshon Wexler*
Shimshon Wexler

COUNSEL FOR DEFENDANT

TROUTMAN PEPPER
HAMILTON SANDERS, LLP

*s/ Timothy Bado*
Timothy Bado

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the parties, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2021.

_____
UNITED STATES DISTRICT JUDGE